Argued and submitted November 4, 2003, affirmed August 11, 2004

BEAVERTON POLICE ASSOCIATION,
*Respondent,*

*v.*

CITY OF BEAVERTON,
*Petitioner.*

UP 10-01; A119420

95 P3d 1160

William J. Scheiderich argued the cause and filed the brief for petitioner.

Becky Gallagher argued the cause for respondent. With her on the brief were Mark Makler and Garrettson, Goldberg, Fenrich & Makler, P. C.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

# WOLLHEIM, J.

Petitioner City of Beaverton (city) seeks judicial review of an order of the Employment Relations Board (ERB) holding that petitioner committed an unfair labor practice as defined in ORS 243.672(1)(e). The city seeks reversal of that decision or remand to the agency for reconsideration. The issues on judicial review are whether the city violated ORS 243.698(2) by not giving notice of its change in minimum requirements for promotion to sergeant, and whether the city violated ORS 243.672(1)(e) when it refused to bargain over the impacts of its change. We review for errors of law and substantial evidence, ORS 183.482(8),[1] and affirm.

The following facts are undisputed and come largely from ERB's order. The Beaverton Police Association (association) is the exclusive representative of the police officers and sergeants employed by the city. The city and the association are parties to a collective bargaining agreement (CBA). Under the CBA, the city reserved its management rights, including the right to "promote, including determining the procedures and standards thereof." Sergeants are the first level of supervision in the police department. Sergeant salaries are approximately 16 percent higher than the salaries of police officers. Salary directly affects retirement benefits for employees.

The dispute in this case centers around a change in minimum qualifications to become a sergeant. In 1995, the city required that sergeants have five years of law enforcement experience, including three with the city, and an associate's degree. Under that system, two additional years of experience could be substituted for one year of college. In 1997, the city required that sergeants have 90 college credit

---

[1] ORS 183.482(8)(a) provides:

"The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law."

hours. In 1998, sergeants were required to have an associate's degree, five years of experience as a police officer, including three with the city, *or* an equivalent combination of education and experience. The city credited applicants with five credit hours for each year over eight years of service as a police officer with the city.[2] In 1999, the city required 90 hours of college credit and awarded five credit hours for every year of work for the city over eight years, as long as the applicant held an intermediate or advanced certificate from the State of Oregon Department of Public Safety Standards and Training.

In January 2001, the city required that applicants for sergeant have an associate's degree in criminal justice or a closely related field. While the credit requirement did not increase from 90 credit hours (the equivalent number of credits to receive an associate's degree) and the city still counted life experience credits as part of the 90-hour requirement, the city no longer converted years of police officer experience into additional credit hour equivalents.

That last change in requirements is the change at issue here. In January 2001, the association argued that the city violated ORS 243.672(1)(e) by adopting an additional promotional requirement without bargaining. The association demanded that the city bargain about the requirement that an applicant for sergeant must have an associate's degree. In a January 12, 2001, letter, the association also demanded that the city bargain about the associates degree minimum qualification for promotion. The city responded that it did not need to bargain about the new requirement because, under ORS 243.650(7)(f), "determination of the minimum qualifications necessary for any position * * * is permissive." The association argued below, as it does on review, that, while the city need not bargain as to the minimum requirements of the position of sergeant, it does need to bargain the *impact* of the change in those requirements.

---

[2] Simlarly, Chemeketa Community College grants "life experience" credits to police officers for training and work experience. Such credits awarded to applicants were considered by the city as satisfying part of the 90-hour requirement.

The association's position is that the city violated its duty to bargain in good faith under the Public Employee Collective Bargaining Act (PECBA) by changing the minimum qualifications for the position of sergeant, implementing that decision without notifying the association of the change, and refusing to bargain. The city denied that it had an obligation to bargain about the impact of that minimum qualification change. ERB concluded that the city did need to bargain about the impact of the changes and had violated ORS 243.672(1)(e) by failing to give timely notice.

■       On judicial review, the city argues that ERB erred in interpreting ORS 243.650(7)[3] by concluding that it was mandatory for the city to bargain about the *impact* of the changed promotion requirements, because ORS 243.650(7)(f) specifically provides that changes in minimum qualifications are a permissive subject of bargaining. The city also argues that, even if ERB correctly held that the city had to bargain over the impact of its change, under ORS 243.650(7)(c) ERB should have conducted a balancing test to determine whether the change had a greater impact on management or on employees.

We review ERB's interpretation of the pertinent statutes for errors of law. ORS 183.483(8). Under PECBA, a public employer is required to bargain in good faith with the exclusive representative of its employees concerning changes of conditions of employment that are mandatory subjects of

---

[3] ORS 243.650 provides, in part:

"(7)(a) 'Employment relations' includes, but is not limited to, matters concerning direct or indirect monetary benefits, hours, vacations, sick leave, grievance procedures and other conditions of employment.

"(b) 'Employment relations' does not include subjects determined to be permissive, nonmandatory subjects of bargaining by [ERB] prior to June 6, 1995.

"(c) After June 6, 1995, 'employment relations' shall not include subjects which [ERB] determines to have a greater impact on management's prerogative than on employee wages, hours, or other terms and conditions of employment.

"* * * * *

"(f) * * * '[E]mployment relations' expressly excludes * * * determination of the minimum qualifications necessary for any position * * * and any other subject proposed that is permissive under paragraphs (b), (c) and (d) of this subsection."

bargaining. ORS 243.672(1)(e). In order lawfully to change an employment condition that is a mandatory bargaining subject, the public employer must notify the exclusive representative of the anticipated change and complete the bargaining process. ORS 243.698(2). Even if the changed employment qualification does not concern a mandatory bargaining subject, the employer may still be required to bargain with the exclusive representative concerning the *impacts* of the change. *Salem Police Employees Union v. City of Salem*, 308 Or 383, 393, 781 P2d 335 (1989).

ORS 243.698(2) provides that "[t]he employer shall notify the exclusive representative in writing of anticipated changes that impose a duty to bargain." Because we hold that the city had to bargain over the impacts of the change in qualifications for sergeant, we affirm ERB's holding that the city violated ORS 243.672(1)(e) by failing to give notice to the association under ORS 243.698(2).

We agree with the parties that the city did not have to bargain over its *changes* to the requirements to be promoted to sergeant. ORS 243.650(7)(f) is clear: employment relations do not include the minimum qualifications for a position. However, ORS 243.650(7)(a) is also clear: matters concerning monetary or nonmonetary benefits are mandatory bargaining subjects.

The association argues that,

"[u]nder ORS 243.650(7)(f), the 'determination of the minimum qualifications necessary for any position' is deemed a permissive subject of bargaining. However, specifically declared mandatory for bargaining are 'matters concerning direct or indirect monetary benefits.' ORS 243.650(7)(a). ORS 243.698 provides, in part, that an employer must 'notify the exclusive representative in writing of anticipated changes that impose a duty to bargain' and '[i]f a demand to bargain is not filed * * * the exclusive representative waives its right to bargain over the change or the *impact* of the change identified in the notice (emphasis added).' "

The changed minimum qualifications for a sergeant position have an impact on monetary and nonmonetary benefits. ERB found such benefits to include "higher wages, increased pay

for time off, and greater retirement contributions[,]" as well as "opportunity for career advancement and the opportunity to supervise personnel." In this case, that impact satisfies ORS 243.650(7)(d), which requires the subject of bargaining to have more than an insubstantial or *de minimis* effect on such benefits.

■     The city argues that ERB should have engaged in a balancing test under ORS 243.650(7)(c) to determine whether the change in qualifications had "a greater impact on management's prerogative than on employee [benefits]." The association counters that, as stated by ERB in this case, the balancing test is used only when PECBA does not expressly provide that the bargaining subject is mandatory or permissive. Once again, the association has the better argument. Because PECBA provides that an impact on employee benefits is a mandatory subject of bargaining, ERB correctly declined to apply the statutory balancing test. *See Salem Police Employees Union*, 308 Or at 390.

The city was not required to bargain the subject of promotion qualifications. The city was, however, required to bargain the impact of the change in promotion qualifications. Therefore, the city violated ORS 243.698(2) by failing to give notice of the impacts that resulted in a duty to bargain and violated ORS 243.672(1)(e) by refusing to bargain with the association after the association sought to bargain the impacts of the change.

Affirmed.